IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Merwin M. Hill,<br><br>        Petitioner,<br><br>vs.<br><br>Dora B. Schriro,<br><br>        Respondent. | No. CV-07-762-PHX-ROS<br><br>**ORDER** |

On February 5, 2008, Magistrate Judge Jennifer C. Guerin filed a Report and Recommendation ("R&R") recommending the Petition for Writ of Habeas Corpus be denied (Doc. 18). For the reasons below, the R&R will be adopted.

**BACKGROUND**

On November 7, 2002, Petitioner pled guilty to aggravated assault with one prior felony conviction. On January 9, 2003, the trial court accepted the plea and sentenced Petitioner to an aggravated 10-year term of imprisonment. Petitioner's sentence was aggravated based on his prior felony conviction and the harm suffered by the victim.

Petitioner alleges five grounds for relief in his Petition: (1) ineffective assistance of counsel rendering his plea involuntary; (2) due process violation because his guilty plea was

1 not supported by a sufficient factual basis; (3) ineffective assistance of counsel at sentencing; (4) his sentence violated Blakely v. Washington; and (5) due process violation in the application of A.R.S. § 13-702(D) to his sentence.

The Magistrate Judge recommended that the Petition be dismissed on all grounds. Specifically, she found that Petitioner's second claim was procedurally barred; his fifth claim was not exhausted; and his first, third, and fourth claims were without merit. Petitioner timely filed an objections to the Magistrate Judge's recommendation regarding his first, second, and fourth claims only.

## STANDARD OF REVIEW

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If objections are made, the Court "make[s] a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." Id. The Court, however, is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985).

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 412–413 (2000). A state court's decision is "contrary to" clearly established precedent if it (1) "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or (2) "decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A state court's decision involves an "unreasonable application" of federal law if it (1) "correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable," or (2) "extends or fails to extend a clearly established legal

1 principle to a new context in a way that is objectively unreasonable." Hernandez v. Small,
2 282 F.3d 1132, 1142 (9th Cir. 2002).

## ANALYSIS

### I. Grounds Three and Five

Because Petitioner did not object to the Magistrate Judge's recommendation regarding his third and fifth claims, the Court adopts the Magistrate Judge's recommendation with respect to these claims without further review. See Thomas, 474 U.S. at 149.

### II. Grounds One, Two, and Four

After a *de novo* review of the record, the Court will adopt the Magistrate Judge's recommendations. Regarding Petitioner's first claim, the Magistrate Judge correctly concluded that counsel's representation did not fall below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687–88 (1984).

Regarding his second claim, the Magistrate Judge correctly concluded that this claim was procedurally barred because the Petitioner pleaded guilty. See Mabry v. Johnson, 467 U.S. 504, 508 (1984).

Finally, regarding Petitioner's fourth claim, because Petitioner was sentenced within the sentencing range, the trial court's factfinding did not violate the Sixth Amendment under Blakely v. Washington, 542 U.S. 296 (2004). See United States v. Fifield, 432 F.3d 1056, 1066 (9th Cir. 2005) ("Judicial factfinding does not, on its own, violate the Sixth Amendment, even when that factfinding is the basis for enhancing a defendant's sentence. Judicial factfinding does violate the Sixth Amendment, however, when that factfinding enhances the maximum sentence to which a defendant is subject.").

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 18) is **ADOPTED.**

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDER** the Clerk of Court shall close this case.

1  DATED this 24th day of July, 2008.

2
3
4
5
6
7      _____
       Roslyn O. Silver
       United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -